UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARK PINE,

                Plaintiff,

-against-

FEDERAL BUREAU OF INVESTIGATION,

                Defendant.

24-CV-4143 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff, who is proceeding *pro se*, brings this action against the Federal Bureau of Investigation. On June 3, 2024, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*. For the following reasons, the Court dismisses the complaint.

## STANDARD OF REVIEW

    The Court must dismiss an *in forma pauperis* complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted).

## BACKGROUND

Plaintiff brings this complaint invoking the Court's federal question jurisdiction, alleging that "[m]ultiple FBI officers in different states are harassing me and running scams on me."[1] (ECF 1, at 2.) On April 28, 2024, Plaintiff "called the FBI," but "[t]he person who picked up the phone knew who I was and hung up the phone without helping me." (*Id.* at 19.) Plaintiff subsequently attempted to reach the FBI at various numbers and locations, but the individuals who answered his calls were either "trying to set me up for a defamation lawsuit," "lying and running phone scams on me," or informing him that "they aren't transferring me to 1 800 Call FBI and then transferring me." (*Id.* at 19-20.) Plaintiff also complains of his interactions with "New York City's law enforcement's civilian lie and scam team harassing me one after the next in a supermarket, in the subway, in the street, etc." (*Id.* at 20.) He seeks $150,000 in damages.

## DISCUSSION

**A.    Claims against the FBI**

The Court must dismiss Plaintiff's claims against Defendant FBI under the doctrine of sovereign immunity. This doctrine bars federal courts from hearing all suits against the federal government, including suits against any agency of the federal government, such as the FBI, except where sovereign immunity has been waived. *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)); *Robinson v. Overseas Mil. Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994) ("Because an action against a federal agency . . . is essentially a suit against the United States, such suits are . . . barred under the doctrine of sovereign immunity, unless such immunity is waived.").

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

B.     **Federal Tort Claims Act**

The Federal Tort Claims Act ("FTCA") provides a waiver of sovereign immunity for certain claims for damages arising from the tortious conduct of federal officers or employees acting within the scope of their office or employment. *See* 28 U.S.C. §§ 1346(b)(1), 2680. A claim brought under the FTCA must be brought against the United States. *See, e.g.*, *Holliday v. Augustine*, No. 14-CV-0855, 2015 WL 136545, at *1 (D. Conn. Jan. 9, 2015) ("The proper defendant in an FTCA claim is the United States, not individual federal employees or agencies.").

Before bringing a damages claim in a federal district court under the FTCA, a claimant must first exhaust his administrative remedies by filing a claim for damages with the appropriate federal government entity and must receive a final written determination.[2] *See* 28 U.S.C. § 2675(a). This exhaustion requirement is jurisdictional and cannot be waived. *See Celestine v. Mount Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 82 (2d Cir. 2005).

To the extent that Plaintiff seeks to assert claims for damages under the FTCA against the United States of America, the claim cannot go forward because he has not alleged any facts demonstrating that he filed an administrative claim with a federal governmental entity (the FBI) for damages. Accordingly, the Court dismisses Plaintiff's claims for damages regarding alleged conduct by the FBI under the doctrine of sovereign immunity, *see* 28 U.S.C. § 1915(e)(2)(iii),

---

[2] Such an administrative claim must be in writing and filed within two years of the claim's accrual. 28 U.S.C. §§ 2401(b), 2675(a). A claimant may challenge the Government's final administrative denial of his FTCA claim in a federal district court by filing an action within six months after the date of the mailing of the notice of final administrative denial by the federal entity. *See* § 2401(b). If no written final administrative determination is made by the appropriate federal entity within six months of the date of the claimant's filing of the administrative claim, the claimant may then bring an FTCA action in a federal district court. *See* 28 U.S.C. § 2675(a).

and consequently, for lack of subject matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3); *Celestine*, 403 F.3d at 82.

C.  **Claims Against New York City Law Enforcement**

Plaintiff describes his interactions with "New York City Law Enforcement." He does not, however, name as a defendant any individual who is employed by the New York City Police Department ("NYPD"), describe the specifics of any interaction with an NYPD officer, or any dates when he interacted with an officer. If Plaintiff seeks to bring a claim against an NYPD officer, he may allege relevant facts and assert such a claim in an amended complaint.

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state a valid claim against the United States and/or an NYPD officer, the Court grants Plaintiff 30 days' leave to amend his complaint to detail his claims.

If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment in this action.

## CONCLUSION

The complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a), is dismissed for under the doctrine of sovereign immunity, *see* 28 U.S.C. § 1915(e)(2)(iii), and consequently, for lack of

subject matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3). The Court grants Plaintiff 30 days to file an amended complaint.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated: November 15, 2024
       New York, New York

      /s/ Laura Taylor Swain
      LAURA TAYLOR SWAIN
      Chief United States District Judge